**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TRAMAINE A. BROWN**                                                     **PLAINTIFF**

**V.**                                        **4:24CV00467 JM**

**PINE BLUFF SCHOOL DISTRICT**                               **DEFENDANT**

**ORDER**

Plaintiff Tramaine A. Brown ("Brown") a former teacher with the Pine Bluff School District ("the district") alleges that his rights were violated under Title VII and 42 U.S.C. §1983. Specifically, Brown alleges that his termination was based on race in violation of Title VII of the Civil Rights Act of 1964, § 42 U.S.C. 2000e et seq., ("Title VII"). Brown also alleges that he was subject to retaliation for having exercised his right of free speech under the United States Constitution. Brown seeks relief pursuant to 42 U.S.C. §1983 and for declaratory judgment. The district has moved for summary judgment. (Docket # 18).

Brown, an African American male, was employed as a teacher by the district from 2021 until the 2023 school year. On Friday, August 18, 2023, an African American student ("minor student") in Brown's classroom was using his cellphone and exclaimed to Brown, "yeah n***a, we have already gone over this!" Brown made an office referral for the minor student for disruptive behavior, excessive talking, rude and disrespectful behavior and violation of the cellphone policy. Brown called the student's mother that same day and reported the event. The district claims that the student was issued a warning for the offense, but Brown does not believe the student suffered any consequences for this incident. The student returned to Brown's classroom on Monday, August 21.

On August 31, 2023 the minor student and another student were talking about boxing, began arguing and became loud and disruptive to the class.   Brown intervened. While Brown was walking back to his desk, the minor student jumped in front of him, with his hands up in a boxing posture and stance, and asked Brown if he wanted to box.  Brown stated that boxing has weight classifications, and he (Brown) was too big for the minor student.  The minor student then said, "I'm not scared, let's box."   Brown responded, "Boy, it's not about being scared; I could beat you up and eat you."  The minor student then said, "Come on. I fight adults. I'm not scared."   Brown told the minor student to sit down, but the student kept insisting that they box. Brown made several unsuccessful attempts to get minor student to sit down.   Brown then grabbed the minor student, picked him up, bear hugged him, and "pretended" to eat him by "nibbling" on the minor student's shirt.  Thereafter, the bell rang, and the minor student left Brown's class.

That evening, the minor student's mother called Brown and said that the student had a bruise on his chest.  Brown denies that he caused the bruise.  The next day the minor student's mother came to the school and reported the incident between her son and Brown to the school principal, Arnold Robertson, an African American.  Principal Robertson asked Brown what had occurred on the previous day, and Brown related his version of events.  Brown contends that the mother had informed Principal Robertson that the incident was "playful" and that she did not want Brown to get in trouble.  Principal Robertson stated that he would recommend a three (3) day suspension for Brown beginning September 5, 2023.

On September 1, 2023, Principal Robertson sent a letter to Superintendent Jennifer Barbaree advising her of the situation and recommending a three (3) day suspension for Brown. Principal Robertson advised Brown that he would have to discuss the matter with Superintendent

Barbaree.  Superintendent Barbaree is a Caucasian female who was appointed to be the Superintendent of the district when it was placed under the control of the state.  Late on September 1, 2023, Principal Robertson informed Brown that he was being issued a reprimand and was suspended for three days without pay for the incident.  Brown served the suspension September 4-7.

On September 4, 2023, Brown emailed Principal Robertson, Superintendent Barbaree as well as Kelvin Gragg, Phillip Carlock, and Michael Anthony, all management officials with the district.  In the email Brown stated that he was taking full responsibility for his actions; that he had had to endure multiple incidents with the minor student, who was unremorseful for his behavior; that he did had not received sufficient support from the district with respect to the minor student and that he was being punished for a situation that he did not initiate.  Brown returned to work on September 11, 2023.

The district claims that on September 12, 2023, the minor student's mother contacted Dr. Barbaree by email.  The email contained photographs allegedly depicting the minor child's chest revealing a bruise.  Brown denies that this email exists.  As a result of the email, Dr. Barbaree, who is a mandatory reporter, filed a hotline report to the Arkansas Child Abuse Hotline in addition to an allegation of violation form with the Arkansas Department of Educational Professional Licensure Standards Board.  On the same day, Principal Robertson informed Brown that he was being placed on paid administrative leave pending an investigation into the minor student incident.

In October, Brown became aware that the Arkansas Department of Human Services ("DHS") was conducting a child-maltreatment investigation into the incident between him and the minor student.  On November 18, 2023, Brown received a letter stating that a true finding

had been made against him for child maltreatment.  On December 1, 2023, Brown received a letter from Dr. Barbaree advising him that he needed to be at the next school board meeting because she was going to recommend his termination from the district.  On December 18, 2023, the district conducted a hearing regarding Brown's employment and the school board members unanimously voted to terminate his employment contract.  All of the board members that were a part of the hearing were African American.

On February 21, 2024, Brown filed a charge of discrimination with the EEOC.  On March 29, 2024, DHS withdrew the true finding of abuse as unsubstantiated.  The licensing board placed Brown on probation for one year as a result of the ethics complaint.

Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are any genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to

4

demonstrate, *i.e.*,"[to] point out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir.2011) (en banc).

Discussion

Title VII prohibits an employer from discriminating against any individual "because of such individual's race." 42 U.S.C. § 2000e–2(a)(1). A plaintiff may defeat summary judgment by either offering direct evidence or creating an inference of unlawful discrimination. *Torgerson,* 643 F.3d at 1044, *applying McDonnell Douglas Corp. v. Green,* 411 U.S. 792(1973). Brown has not identified any direct evidence of discrimination. Accordingly, the Court will consider the case under the burden shifting framework established by *McDonnell Douglas.* Under *McDonnell Douglas,* Brown must first establish a *prima facie* case of discrimination. *McDonnell Douglas,* 411 U.S. at 802. If he does, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. *See Davis v. Jefferson Hosp. Ass'n,*

5

685 F.3d 675, 681 (8th Cir.2012). If the employer meets this burden, the "presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination." *Id.*

A *prima facie* case of race discrimination requires that the plaintiff prove he "(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination." *Id.*

Brown failed to present a *prima facie* case of race discrimination.  He fails to present sufficient probative evidence that demonstrates that he was meeting the legitimate expectation of his employer or that he was terminated under circumstances permitting an inference of discrimination.   Further, even if Brown could be found to have presented a *prima facie* case he cannot establish that the district's articulated reason for his termination was pretext for unlawful discrimination.

The district contends that it terminated Brown due to the incident involving the minor student.  Although Brown denies that he bit the student, it is undisputed that Brown engaged in "playful" behavior with the student and that he "pretended to eat him" by "nibbling" at his shirt. The student's mother reported the incident to school personnel and relayed that Brown's conduct resulted in a bruise on the student's chest.  It is also undisputed that DHS investigated the incident and issued a true finding of child maltreatment.  Further, the Licensing Board placed Brown on probation for one year as a result of the ethics complaint.

Brown denies that he bit the student and argues that the student participated in boxing which could have been the cause of the bruise.  Brown also complains that although the school maintains video cameras in the hallways of the school, the district did not require the principal of

the school to retain a copy of any video that may exist. However, Brown's unsupported self-serving allegations are insufficient to support a finding in his favor. Brown has failed to substantiate his allegations with sufficient probative evidence as required to overcome summary judgment. *Smith v. International Paper, Co.*, 523 F.3d 845 (8th Cir. 2008).

Brown attempts to demonstrate circumstances giving rise to an inference of discrimination and pretext by pointing to alleged comparators who engaged in similar behavior but were not terminated. Brown alleges that he was treated less favorably than Bill Gibbs, Gayla Case and Rita Porter. "[T]he test for whether someone is sufficiently similarly situated, as to be of use for comparison, is rigorous." *Beasley v. Warren Unilube, Inc.,* 933 F.3d 932, 938 (8th Cir. 2019). It is undisputed, however, that no other teacher engaged in behavior that resulted in a finding of child maltreatment by DHS. Although that finding was reversed in March 2024, at the time of his termination, in December 2023, the true finding was in force prohibiting Brown from remaining employed. (ECF 37-1).

The critical inquiry in discrimination cases like this one is not whether the employee actually engaged in the conduct for which he was terminated, but whether the employer in good faith believed that the employee was guilty of the conduct justifying discharge. *McCullough v. Univ. of Arkansas for Med. Scis.*, 559 F.3d 855, 861–62 (8th Cir. 2009). The district has offered a legitimate non-discriminatory reason for Brown's termination and Brown has not offered evidence demonstrating pretext. *Wilking v. Cnty. of Ramsey*, 153 F.3d 869, 874 (8th Cir. 1998)(To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both "that the employer's articulated reason for the adverse employment action was false *and* that discrimination was the real reason.").

To prevail on his First Amendment retaliation claim, Brown must show: "(1) that he

7

engaged in a constitutionally protected activity; (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated in part by [the] exercise of his constitutional rights." *Humphrey v. Fulk,* No. 4:20CV001158 JM, 2021 WL 4200903, at *3 (E.D. Ark. Sept. 15, 2021)(citations omitted).  A public employee's constitutional protections from employer discipline based on the employee's speech are limited to statements the employee makes (1) as a citizen (2) on matters of public concern. *Id*. Here, Brown's September 4, 2023 email related to the incident with the minor student were not protected by the First Amendment.  The statements were made as a teacher objecting to his suspension and voicing his objection with the support of the district.  No part of the email addressed matters of public concern.

For these reasons, Defendant's motion for summary judgment (Doc. No.18) is GRANTED.  A separate judgment will be entered dismissing the complaint with prejudice.

IT IS SO ORDERED 1st day of April, 2026.

_____
James M. Moody Jr.
United States District Judge